IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAM DANG and YASMINE ACOSTA-AGUAYO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO. d/b/a WALGREENS,<br><br>Defendant. | Case No.: 1:22-cv-00177<br><br>Judge Mary M. Rowland<br>Magistrate Judge M. David Weisman |

## JOINT STATUS REPORT

Pursuant to ECF No. 64, the parties write to advise the Court of their respective positions on how discovery should proceed in light of Defendant's pending Motion to Compel Arbitration (the "MTC") (ECF Nos. 65–69). Defendant filed its Motion on July 21, 2023. Pursuant to Judge Rowland's July 24, 2023 Order (ECF No. 71), Plaintiffs' Opposition is due August 21, 2023 and Defendant's Reply is due September 11, 2023.

## PLAINTIFFS' POSITION

Discovery should not be stayed pending the resolution of Defendant's motion, which will not be fully briefed, much less decided, for nearly two months. Defendant's motion is, to put it mildly, belated. Plaintiffs will submit that Walgreens waived any right it might have had to arbitrate, and further delaying the start of discovery in this case will only serve to further prejudice Plaintiffs, who are eager to litigate this case and vindicate their rights. Walgreens, on the other hand, has dragged its feet in commencing discovery. While this case was filed more than 18

months ago, Defendant has not even engaged with Plaintiffs to stipulate to an ESI Protocol to govern the exchange of documents.

As the Supreme Court recently noted, "defendants . . . [s]ometimes [] engage in months, or even years, of litigation—filing motions to dismiss, answering complaints, and discussing settlement—before deciding they would fare better in arbitration." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1711 (2022). This is *precisely* what Defendant has done here. *See* Pls.' Compl. (ECF No. 1) (filed Jan. 11, 2022); Def.'s First Mot. to Dismiss (ECF Nos. 16–17), Pls.' First Amended Compl. ("FAC") (ECF No. 22), Def.'s Second Mot. to Dismiss (ECF Nos. 27–28, 31, 32), Mar. 3, 2023 Opinion and Order (ECF No. 43) (denying in part Defendant's Motion to Dismiss), Def.'s Answer (ECF No. 45); *see also* ECF Nos. 56, 58 (the parties' negotiated confidentiality order); ECF No. 63 (the parties' joint status report detailing the mutual exchange of and responses to written discovery).

In its opening brief, ECF No. 66, Defendant devotes little more than a page to its scant argument that it did not waive its right to arbitrate, cherry picking cases that had not even briefed motions to dismiss while ignoring the Supreme Court precedent in *Morgan* and downplaying the company's significant delay. Its threadbare argument relies on two cases, but neither saves Defendant's hopeless position. First, Defendant points to *Castle v. Global Credit & Collection Corp.* as an example where the court ordered belated arbitration, but the agreement in *Castle* included a provision agreeing the defendant could invoke its demand to arbitration "until the eve of trial itself." No. 18 Civ. 06888, 2020 WL 127763, at *1 (N.D. Ill. Jan. 10, 2020) (the parties agreed that it was fair game to demand arbitration until the eve of trial itself"). Furthermore, the *Castle* defendant had not even filed a motion to dismiss. *Id.* at *5. Defendant here has filed *two* motions to dismiss and received an opinion and order on one. Defendant's reliance on *Central Ill.*

*Carpenters Health & Welfare Tr. Fund v. Con-Tech Carpentry, LLC* is even more of a stretch. In that case, the court ordered a default judgment against the defendant and the defendant argued that, *had it appeared* to answer the complaint, it would have waived its right to arbitrate. 806 F.3d 935, 937–38 (7th Cir. 2015).

Neither case ordered (or even contemplated) arbitration where litigation had been ongoing 18 months or where the parties had fully briefed and received an order on a motion to dismiss. Furthermore, no case cited by Defendant even contemplates the lower standard for waiver of right to arbitrate after the Supreme Court's holding in *Morgan v. Sundance, Inc.* last year. 142 S. Ct. at 1711 (holding that federal courts cannot create a rule finding waiver of the right to arbitrate "only when its conduct has prejudiced the other side"); *see also Castle*, 2020 WL 127763 (applying a prejudice requirement to its analysis and finding that the "[p]laintiff has failed to show that she suffered any prejudice from the motions for arbitration").

Defendant's argument also hinges on the dubious claim that it "acted consistently (and prudently) with the right to arbitrate, waiting until it acquired the relevant evidence" to bring its motion. Def.'s MTC at 5. But here, the relevant evidence was customer registration data **within Walgreens' custody or control** throughout the pendency of this litigation. *Id.* ("**According to Walgreens' records**, on September 18, 2012, Plaintiff registered for a Balance Rewards Account.") (emphasis added). Since at least April 19, 2022 (15 months ago), Defendant has been on notice that a Plaintiff named Yasmine Acosta-Aguayo residing in Chicago, Illinois purchased the Products at a Walgreens store in Park Ridge, Illinois and through the Walgreens app. FAC ¶ 52. Furthermore, even if Defendant needed another piece of identifying information to confirm Plaintiff's enrollment, courts routinely order limited fact discovery as to issues of arbitrability. *See Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 511 (7th Cir.2003) (holding that the defendant "must

be given the opportunity to conduct limited discovery on the narrow issue concerning [arbitrability]"); *see also, e.g.*, La Fronza v. PEOPLECONNECT, Inc., No. 21 Civ. 03027, 2022 WL 1292219, at *3 (N.D. Ill. Apr. 29, 2022) (denying motion to compel arbitration without prejudice and granting limited discovery on issue of arbitrability); *Pohlman v. NCR Corp.*, No. 12 Civ. 6731, 2013 WL 3776965, at *1 (N.D.Ill. July 17, 2013) (same).

Defendant never sought such limited discovery, and by its own admission did not bother to look up Plaintiff's name in its rewards database before fully briefing and receiving a decision on its motion to dismiss. Def.'s MTC at 13–14. Defendant's Brief even admits that the fact that Plaintiff's purchases "were in her Walgreens Mobile Application" actually "alert[ed] Defendant to the fact that Plaintiff used her myWalgreens account in relation to the purchase of these Products." *Id.* at 14. But Defendant erroneously claims it was not aware of this fact "prior to early June 2023," *id.*, when Plaintiff clearly and unambiguously communicated as much in her **April 2022** Amended Complaint 15 months ago. FAC ¶ 52 (noting that Plaintiff purchased the Product "through the Walgreens app.").

Finally, Defendant argues it preserved its right to arbitrate in its Answer, but this is doubly wrong. First, Defendant had **already waived** its right to arbitrate by moving for dismissal on other grounds, fully briefing its motion, and awaiting the Court's decision. *See supra*. Second, "boilerplate affirmative defenses" do not comply with pleading requirements and therefore do not prevent waiver. *See United States ex rel. Streck v. Takeda Pharms. Am., Inc.,* No. 14 Civ. 9412, 2023 WL 3093476, at *1–2 (N.D. Ill. Apr. 26, 2023) (defendants still "waive[] [affirmative defenses] through delay" when appealing to "boiler plate affirmative defenses").

Inescapably, Defendant Walgreens has done nothing to seek arbitration in the 15 months it has known Plaintiffs' identities. Instead, it decided to try its luck in dismissing the claims outright,

fully briefing and awaiting a decision on its motion to dismiss. Only after it lost did it turn to arbitration. But even if Walgreens didn't know, as it claims in its opening brief, Plaintiff cannot be faulted for Walgreens' cursory reading of the allegations in her detailed Complaint, nor can she be faulted for the company's inattentiveness in neglecting to seek limited discovery as to the issue of arbitrability. In either case, the weight of the relevant law shows that Defendant's Motion to Compel Arbitration is without merit and will undoubtedly be denied. In light of this fact, the Court should not further delay discovery while the parties wait for the inevitable.

**DEFENDANT'S POSITION**

Rather than addressing how discovery should proceed in light of Walgreens' MTC or be stayed, Plaintiffs instead address waiver and the merits of Walgreens' MTC in their joint status report. In compliance with the Court's July 17, 2023 Minute Order, Defendant's position is that this Court should stay discovery pending a ruling on its MTC.

This Court has the inherent power to stay proceedings and broad discretion in determining whether to do so considering the circumstances of a particular case. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

Any delay here would be relatively brief. Neither party gains any tactical advantage from a stay. A stay pending resolution of Walgreens' MTC would simplify the issues in question and streamline the instant matter, given that arbitration is a threshold issue to resolve at the outset of a

case. *See, e.g.*, *Pfizer Inc.*, 640 F. Supp. 2d at 1010-11 ("In view of its … conclusion that a slight delay will not cause [defendant] undue prejudice, the Court concludes that the entry of a stay is appropriate in this case."). Likewise, a stay will certainly reduce the burden on the parties and the Court, should any issues related to discovery arise and the parties need court intervention.

Whether to grant a request to stay is a discretionary call. Based on the foregoing, and in the interests of preserving resources of not only the parties but the Court as well, it is appropriate to stay discovery pending resolution of the MTC.

| | |
|---|---|
| Dated: July 31, 2023 | Respectfully submitted, |
| | /s/ Russell Busch |
| | **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC** <br> 227 W. Monroe Street, Suite 2100 <br> Chicago, IL 60606 <br> Telephone: (630) 796-0903 <br> Email: rbusch@milberg.com |
| | *Attorney for Plaintiffs* |
| | /s/ Timothy J. Storino (*with permission*) |
| | **DENTONS US LLP** <br> Leah R. Bruno (#6269469) <br> Timothy J. Storino (#6287489) <br> Emily C. Eggmann (#6335831) <br> 233 S. Wacker Drive, Suite 5900 <br> Chicago, IL 60606 <br> Tel.: (312) 876-8000 <br> leah.bruno@dentons.com <br> timothy.storino@dentons.com <br> emily.eggmann@dentons.com |
| | Deborah H. Renner (#2561728) <br> Sara Gates (#5591805) <br> **DENTONS US LLP** <br> 1221 Avenue of the Americas <br> New York, NY 10020 |

Tel.: (212) 398-5232
deborah.renner@dentons.com
sara.gates@dentons.com

*Attorneys for Defendant*
*Walgreen Co. d/b/a Walgreens*