UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAM DANG and YASMINE ACOSTA-AGUAYO, on behalf of themselves and all other plaintiffs similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREENS CO. d/b/a WALGREENS,<br><br>Defendant. | Case No. 22-cv-00177<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Walgreens Co. ("Walgreens") moves to compel arbitration and stay proceedings in this putative class action brought by Tam Dang[1] and Yasmine Acosta-Aguayo ("Plaintiff") under the Class Action Fairness Act § 28 U.S.C. 1332(d), asserting various state law claims. For the reasons stated herein, the motion to compel arbitration and stay proceedings [65] is denied.

### I. Legal Standard

To compel arbitration, Walgreens must show "(1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Druco Restaurants, Inc. v. Steak N Shake Enterprises, Inc.*, 765 F.3d 776, 781, (7th Cir. 2014) (internal citation omitted). "The

---

[1] Tam Dang has been voluntarily dismissed as a Plaintiff. [80]; [83]. The Court's analysis is solely focused on Yasmine Acosta-Aguayo.

1

Federal Arbitration Act requires courts to enforce covered arbitration agreements according to their terms," *Lamps Plus Inc. v. Varela*, 587 U.S. ----, 139 S.Ct. 1407, 1412, 203 L.Ed.2d 636 (2019) (citing 9 U.S.C. § 2), and put arbitration agreements on an equal footing with other contracts. *Gore v. Alltel Comm'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

## II. Background

Since 2020, Walgreens has operated a loyalty program called "myWalgreens". [65-1] at ¶ 3 (Declaration of Marcus Osacky "Osacky Decl."). Customers can enroll in myWalgreens in-store, online, or through the Walgreens mobile application ("Walgreens App"). *Id*. at ¶ 4. When customers register in a brick-and-mortar store, they are prompted to agree to the myWalgreens Terms and Conditions ("T&C") by touching an "I agree" button at the point of sale. Customers registering online through the Walgreens App must create a Walgreens.com account and then create or link a myWalgreens account by providing their phone number and zip code. *Id*. at ¶¶ 5-6. Prior to myWalgreens, Walgreens operated a loyalty program called "Balance Rewards". *Id*. at ¶ 9. In November 2020, Walgreens invited all Balance Rewards members to migrate their account to myWalgreens. *Id*. at ¶ 10. When a customer completed the migration process, they were required to click "I agree" to affirm they accepted the myWalgreens T&C, that were instantly accessible to the user. *Id*. at ¶¶ 11-15. The T&C contained a specific arbitration provision. [65-4] at 2, 8-11 ("myWalgreens Terms & Conditions"). It is undisputed that Plaintiff is a

myWalgreens member and therefore would have had to affirmatively agree to the T&C and be bound by its arbitration provision. [65-1] at ¶¶ 21-23.

Tam Dang, now voluntarily dismissed, first filed this class action lawsuit on January 11, 2022. [1]. Walgreens moved to dismiss the complaint on March 21, 2022, arguing that Dang failed to allege that the products at issue were misleading, he lacked standing, and he failed to sufficiently plead his statutory claims. [16], [17]. Dang responded by filing a First Amended Complaint ("FAC"), that included Plaintiff Acosta-Aguayo's claims, on April 19, 2022. [22] In the FAC, Plaintiff gave her full name, city of residence, and the location where she purchased the products that give rise to this action. [22] at ¶ 14, 52. Plaintiff alleged in the FAC that she "purchased the Product… through the Walgreens app." *Id.* at ¶ 52. Walgreens again moved to dismiss on May 17, 2022, lodging similar substantive arguments as its first motion to dismiss [27], [28]. Plaintiff filed a response in opposition [31], and Walgreens filed a reply [32]. Plaintiff filed a notice of supplemental authority [33], and Walgreens filed a 5-page substantive response [39]. Briefing was completed on July 12, 2022. *Id.*

On May 24, 2022, the parties filed a Joint Initial Status Report [29]. Walgreens did not mention arbitration in the status report but did note it had already filed a motion to dismiss and reiterated its basis for challenging the Complaint in its entirety. *Id.* at 2. On March 2, 2023, the Court issued a ruling on Walgreen's motion to dismiss. [43]. The Court granted Walgreens' motion in part, but determined that Plaintiffs' claims for money damages under various state consumer protection laws and their claims for unjust enrichment could move forward and ordered Walgreens

3

to answer Plaintiff's remaining claims by March 23, 2023. *Id*. at 17-19. Walgreens filed its Answer on March 23 as ordered, and raised, for the first time, arbitration as an affirmative defense. [45] at 71. Discovery was not stayed pending Walgreen's motion to dismiss, nor did Walgreens bring a motion to do so.

The parties began discovery following the Court's ruling on Walgreens' motion to dismiss. The parties negotiated and stipulated to a confidentiality order, adopted by the Court [56], [57]. The parties then exchanged written discovery. *See e.g.* [61] (Joint Status Report detailing discovery efforts). On June 7, Walgreens received interrogatory responses where Plaintiff disclosed additional identifying information, including her home address, phone number, and email address. [66] at 7. On July 13, in a Joint Status Report, Walgreens informed the Court it was considering filing additional dispositive motions. [63] at 2. On July 21, Walgreens filed its motion to compel arbitration and stay proceedings. [65]. Ten days later, Walgreens requested, for the first time, that discovery be stayed pending its motion. [72]. Plaintiff opposed. *Id*. at 1-5. Magistrate Judge Weisman granted the stay on August 2. [73].

### III. Analysis

Plaintiff does not dispute that the arbitration agreement is valid and enforceable [74]. Instead, the sole issue before the Court is whether Walgreens waived its right to arbitration.

#### A. Waiver

"Like any other contractual right, the right to arbitrate can be waived." *Smith v. GC Services Ltd. Partnership*, 907 F.3d 495, 499 (7th Cir. 2018). To find waiver, courts

4

"must determine that, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. V. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Several factors are considered in the waiver analysis, including "whether the [moving party] participated in the litigation, substantially delayed its request for arbitration, or participated in discovery." *Kawasaki*, 660 F.3d at 994-95 (citing *St. Mary's Med. Ctr. Of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 590 (7th Cir. 1992). A party's diligence, or the lack thereof, should weigh heavily in the decision. *Cabinetree of Wisconsin v. Kraftmaid Cabinetry*, 50 F.3d 388, 391 (7th Cir. 1995) (described as a "party do[ing] all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration"). There is a presumption that an election to proceed judicially constitutes a waiver of the right to arbitrate. *Id*. at 390.

A party does not waive its right to arbitrate a dispute by virtue of filing a motion to dismiss. *Faulkenberg v. CB Tax Franchise Sys., LP*, 636 F.3d 801, 807 (7th Cir. 2011) (internal quotation omitted). But filing a motion to dismiss is not irrelevant to the analysis. *Smith*, 907 F.3d at 501. A motion seeking dismissal on *substantive* grounds is evidence of waiver. *Id.*, (citing *St. Mary's*, 969 F.2d at 589).

Walgreens argues that it was diligent in filing the motion to compel arbitration and did so once it discovered that Plaintiff was indeed a myWalgreens member. [66] at 13-14, [79] at 4-7. It contends that it could not have discovered Plaintiff was one, and thus agreed to the T&C, until it had her name "plus one other piece of identifying

5

information.", which was received for the first time in June 2023. [79] at 2. This is unpersuasive. It is undisputed that Plaintiff identified herself as having used the Walgreens App to purchase the product at issue as early as the FAC in April 2022. Since Walgreens had knowledge that some app users were also myWalgreens members, it should have been tipped off that this might be the case for Plaintiff. A party has the obligation to discover and assert its right to arbitration. *See Smith*, 907 F.3d at 500 (reasoning the moving party had the obligation to discover and assert any right to arbitration) (citing *Kawasaki*, 660 F.3d at 997 n.6*); see also Kashkeesh v. Microsoft Corp.,* 2023 WL 481226 (N.D. Ill. June 26, 2023*)* *(*reasoning *Morgan v. Sundance,* 142 S.Ct. 1708, 1712-1714 (2023) did not foreclose the possibility that a party could implicitly waive or forfeit the right to arbitrate by failing to adequately investigate the possibility of arbitration.). This is especially true when the party has the information in its own custody and control. Walgreens could have sent the interrogatory requests earlier in an effort to discover its right to arbitration—there was no stay of discovery until August 2, 2023. If Walgreens did not want to engage in fulsome discovery, it could have engaged in limited discovery, for the sole purpose of discovering whether Plaintiff was in fact a myWalgreens member. *See e.g. Deputy v. Lehman Bros., Inc.,* 345 F.3d 494, 511 (7th Cir. 2003) (allowing defendant the opportunity to conduct discovery on the narrow issue concerning arbitrability).

Instead, Walgreens filed a motion to dismiss challenging the sufficiency of Plaintiff's complaint on the merits and received a decision. After this Court denied its motion in part, Walgreens' "attempt to compel arbitration . . . is suspect because a

6

party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum." *Smith*, 907 F.3d at 501 (internal citation omitted). Courts "do not want parties to forum shop, taking a case to the courts and then, if things go poorly there, abandoning the suit in favor of arbitration." *Welborn Clinic v. Medquest*, 301 F.3d 634, 637 (7th Cir. 2002). It is therefore well established that a litigant cannot attempt to prevail in court and then seek arbitration as a second resort. *See e.g. St. Mary's,* 969 F.2d at 589*, see also Cabinetree,* 50 F.3d at 391 (frowning upon a "heads I win, tails you lose" litigation strategy). Walgreens' delay in bringing the instant motion until after this Court's motion to dismiss Order weighs in favor of waiver.

Walgreens' decision to bring a belated motion to compel arbitration also prejudices Plaintiff. The parties engaged in initial discovery,[2] and Plaintiff was required to expend resources to litigate the substantive motion to dismiss. Given the fact that Walgreens delayed bringing this motion until after it engaged in litigation and received the Court's motion to dismiss ruling, this Court does not find that Walgreens has rebutted the waiver presumption.

The cases Walgreens relies on do not change the analysis. Walgreens cites two cases, *Castle v. Glob. Credit & Collection Corp.*, 2020 WL 127763 (N.D. Ill. Jan. 10, 2020) and *Central Ill. Carpenters Health & Welfare TR. Fund v. Con-Tech Carpentry, LLC*, 806 F.3d 935 (7th Cir. 2015) for the proposition that pleading a defense in an answer is evidence that Walgreens acted consistently with the right to arbitrate. At

---

[2] Although the Court recognizes the parties have not engaged in document production, there is a negotiated confidentiality agreement and ESI protocol in place.

7

top, the *Castle* court found that the plaintiff was not prejudiced because the plaintiff did not obtain any favorable rulings from the court and defendants had not filed a substantive motion to dismiss. *Id*. at *5-6. To the contrary, Walgreens filed a motion to dismiss challenging the merits of Plaintiff's claims and did not assert its arbitrability defense until *after* the Court ruled. Asserting the arbitration defense in an answer, after receiving a less than favorable result, is suspect for reasons discussed *supra*. Walgreens' reliance on *Central Ill*. is misplaced for the same reason. In sum, Walgreens had the obligation to assert its right to arbitration. It was not diligent in doing so, and thus waived its right to arbitrate.

## IV. Conclusion

Accordingly, for the reasons stated herein, Walgreen's motion to compel arbitration [65] is denied.

E N T E R:

Dated: January 10, 2024

_____
MARY M. ROWLAND
United States District Judge